## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN WONG,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-01063** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **TIM BETTI, et al.,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> Plaintiff Steven Wong ("Plaintiff") is a pretrial detainee who was formerly incarcerated at Lackawanna County Jail ("LCJ") in Scranton, Pennsylvania.  He has commenced the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), claiming that Defendants violated his constitutional rights while he was incarcerated there.  In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint.  For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  However, the Court will grant Plaintiff leave to file an amended complaint.

---

[1]  <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

## I.   BACKGROUND

On July 7, 2022, Plaintiff, a pre-trial detainee, filed his complaint against the following Defendants: Tim Betti, the Warden of LCJ; the Administration Department of LCJ; and WellPath, the Medical Provider at LCJ.  (Doc. No. 1 at 1, 2-3.)  In addition to his complaint, Plaintiff has also filed a motion for leave to proceed <u>in forma pauperis</u> and his prisoner trust fund account statement.  (Doc. Nos. 2, 8.)  The Court, having reviewed Plaintiff's motion and account statement, will grant him leave to proceed <u>in forma pauperis</u> and will deem his complaint filed.

In his complaint, Plaintiff asserts that the complained-of-events occurred "at different times" at LCJ.  (Doc. No. 1 at 4.)  He alleges that, in July of 2021, he had a stroke.  (<u>Id.</u>)  He also alleges that Defendant WellPath has denied him "help" when he needed "medical care[.]"  (<u>Id.</u>)  In addition, he alleges that, on August 9, 2021, he was placed in confinement for fifty (50) days.  (<u>Id.</u>)  He asserts, however, that he "had previously served that time[.]"  (<u>Id.</u>)  He also asserts that he filed grievances, but that they "went unanswered until [he] finished [his] confinement time."  (<u>Id.</u>) Then he "received a response back stating that they were sorry and that he should[ not] have been placed in confinement."  (<u>Id.</u>)  Finally, he alleges that he has been "[d]enied [his] religious rights" concerning "[his] crucifix necklace."  (<u>Id.</u>)

In connection with all of these allegations, he asserts claims based upon the conditions of his confinement, inadequate medical care, due process violations, the

denial of his religious rights, and the failure to protect him.  (Id. at 5.)  He also asserts that he "[n]ever received physical therapy" and, because of that, he "suffered in a wheelchair for 7 months."  (Id.)  As for relief, he seeks to be transferred to another jail, as well as monetary relief.  (Id.)

On August 2, 2022, after Plaintiff had filed his complaint, the Court received a notice from him that his address has changed.  (Doc. No. 6.)  He is no longer incarcerated at LCJ; he is now incarcerated at Pike County Correctional Facility in Lord Valley, Pennsylvania.  (Id.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint.  See id.  In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."  See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle, 429 U.S. at 106.  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff has filed his complaint pursuant to Section 1983, claiming that Defendants violated his constitutional rights while he was incarcerated at LCJ. (Doc. No. 1.)  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

4

rights, privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in equity, or
other proper proceeding for redress.

See id. Thus, "Section 1983 imposes civil liability upon any person who, acting

under the color of state law, deprives another individual of any rights, privileges, or

immunities secured by the Constitution or laws of the United States." See Shuman

v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).

Section 1983 "does not create any new substantive rights but instead provides a

remedy for the violation of a federal constitutional or statutory right." See id.

(citation omitted).

### A.    Personal Involvement in a Section 1983 Action

In order for liability to attach under Section 1983, a plaintiff must sufficiently

allege that each defendant was personally involved in the act or acts that he claims

violated his federally protected rights. See Rode v. Dellarciprete, 845 F.2d 1195,

1207 (3d Cir. 1988). And "[a] plaintiff makes sufficient allegations of a defendant's

personal involvement by describing the defendant's participation in or actual

knowledge of and acquiescence in the wrongful conduct." See Chavarriaga v. New

Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at

1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal

involvement requires particular 'allegations of personal direction or of actual

knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)). Thus, in pursuing

any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Here, there is a complete absence of allegations in Plaintiff's complaint that would give rise to a plausible inference that Defendant Betti was personally involved in any asserted deprivation of Plaintiff's constitutionally protected rights.  While Defendant Betti has named in the caption of the complaint (Doc. No. 1 at 1) and has also been listed in the "DEFENDANT(S)" section of the complaint (id. at 2), he has not been mentioned anywhere else in the body of the complaint.  Without such allegations of personal involvement, however, liability cannot be imposed against Defendant Betti under Section 1983.  Thus, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Betti.

## B.    Rule 8 of the Federal Rules of Civil Procedure

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See Fed. R. Civ. P. 8(a)(2).  This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest.  See Erickson, 551 U.S. at

93. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citation and internal quotation marks omitted).

Here, because Plaintiff's complaint does not show how Defendant Betti was personally involved in the asserted violations, the Court has been left—and Defendant Betti, if served, would also be left—to speculate as to what alleged conduct on his part gives rise to any asserted constitutional violations. Accordingly, because Plaintiff's complaint does not provide fair notice of his Section 1983 claims or the grounds upon which those claims rest, the Court also finds that Plaintiff's complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure with respect to Defendant Betti. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (concluding that "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citations and internal quotation marks omitted)); Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").

## C.    "Person" Under Section 1983

As set forth above, "Section 1983 imposes civil liability upon any **person** who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman, 422 F.3d at 146 (citation omitted) (emphasis added).  Here, however, Plaintiff's complaint fails to make this requisite showing against Defendant LCJ Administration Department. This is because a county jail, such as LCJ, is not considered a "person" for purposes of Section 1983 and, therefore, is not amenable to suit under this statute.  See 42 U.S.C. § 1983; Edwards v. Northampton Cnty., 663 F. App'x 132, 136 (3d Cir. 2016) (unpublished) (finding that a county prison is not a "person" subject to suit under Section 1983 (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973))); Beaver v. Union Cnty. Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (unpublished) (same); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (unpublished) (same).[2]    The Court sees no reason to treat the "Administration Department" of a county jail any differently and, thus, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant LCJ Administration Department.   The Court will, therefore, dismiss this Defendant from the complaint.

---

[2]    While these opinions are non-precedential, the Court is persuaded by the conclusion that county jails do not constitute "persons" for purposes of Section 1983.

### D.     Defendant WellPath

The United States Court of Appeals for the Third Circuit has explained that a private company, which is providing health services at a correctional facility, "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003) (citing Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978)).  Rather, in order for such a company to be held liable, the plaintiff must show that there was a relevant company policy or custom and that this policy or custom resulted in the asserted constitutional violations.  See id. at 583-84 (citing Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)).

Thus, the question before the Court is whether Plaintiff's complaint has plausibly alleged that Defendant WellPath had a policy or custom that resulted in a violation of his constitutional rights.  The Court answers this question in the negative because Plaintiff's complaint has not alleged the existence of any policy or custom. Accordingly, the Court will dismiss Plaintiff's claim against Defendant WellPath. See Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) ("To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue." (citing Natale, 318 F.3d at 583-84)); Alexander v.

Monroe Cnty., 734 F. App'x 801, 805 (3d Cir. 2018) (explaining that, in order for the administratrix of decedent-prisoner's estate to have established her claim against Prime Care, the corporation providing medical services at the county correctional facility, the administratrix would have had to have shown "'a policy or custom that resulted in the alleged constitutional violations'" (quoting Palakovic, 854 F.3d at 232) (emphasis omitted)).

### E.    Plaintiff's Request for Injunctive Relief is Now Moot

In his complaint, Plaintiff requests monetary relief, as well injunctive relief in the form of being transferred to another jail.  (Doc. No. 1 at 5.)  As explained by the United States Supreme Court, "a plaintiff must demonstrate standing separately for each form of relief sought."  See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000).  Thus, Plaintiff must demonstrate standing for both the monetary and injunctive relief that he seeks in his complaint.

With respect to his request for injunctive relief, the Court finds that, even though Plaintiff initially had standing at the time he filed his complaint to seek injunctive relief, he no longer has such standing because he has been transferred to another jail.  Stated differently, Plaintiff has not only been afforded the injunctive relief that he seeks in his complaint, but he is also unlikely to suffer future injury from any of the Defendants' conduct.  See Richardson v. Bledsoe, 829 F.3d 273, 278 (3d Cir. 2016) (stating that, in order "[t]o determine whether [a plaintiff] has standing

to seek [prospective] injunctive relief, [courts] ask whether [the plaintiff] can 'show that he is likely to suffer future injury from the defendant's conduct'" (quoting McNair v. Synapse Grp. Inc., 672 F.3d 213, 223 (3d Cir. 2012))).  As such, the Court finds that Plaintiff's request for injunctive relief is now moot.  See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (explaining that a case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citation and internal quotation marks omitted)).  The Court will, therefore, dismiss Plaintiff's request for injunctive relief from the complaint.

### F.    Leave to Amend

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that affording Plaintiff leave to amend his claims against LCJ Administration Department would be futile, as LCJ Administration Department is not "person" for purposes of Section 1983 and, thus, is not subject to suit under the statute.  The Court cannot say, however, that affording Plaintiff leave to amend his claims against Defendants Betti and WellPath would be futile.  The Court will, therefore, grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies of the claims he has brought against them.

Plaintiff is advised that his amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

Accordingly, for all of the foregoing reasons, the Court will dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will also afford Plaintiff leave to file an amended complaint.  An appropriate Order follows.


Dated: September 15, 2022                          s/ Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge